## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALFRED MILTON EVANS, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) NO. CIV-01-0252-HE |
| | ) (Consolidated Number) |
| MIKE FOGARTY, ET AL., | ) |
| | ) |
| Defendants. | ) |

### ORDER

Defendants Mike Fogarty and Dana Brown previously filed motions requesting an order staying execution on the judgment entered in this action pending appeal without bond or, alternatively, setting the amount of a supersedeas bond. While the court concluded the defendants did not demonstrate that the bond requirement should be waived, it did grant a temporary stay of execution without bond pending resolution of the attorney's fees motions. Order, June 2, 2005. As attorney's fees, costs and related expenses have now been assessed, the matter of the amount of supersedeas bond is ripe for determination. See Fed.R.Civ.P. 62(d).

The purpose of a supersedeas bond is to secure an appellee from loss resulting from stay of execution pending appeal and the possible insolvency of the judgment debtor. Grubb v. FDIC, 833 F.2d 222, 226 (10th Cir. 1987). Ordinarily, the amount of the bond should match the full amount of the judgment. However, in a proper case, the bond may be set in a lesser amount. Olcott v. Delaware Flood Co., 76 F.3d 1538, 1559-60 (10th Cir. 1996); Miami International Realty Co. v. Paynter, 807 F.2d 871, 873 (10th Cir. 1986).

Here, judgment totaling $876,749.40 has been entered against defendant Fogarty. The addition of two years interest on that sum, to allow time for resolution of the pending appeals, results in the sum of approximately $930,000 as a reasonable estimate of the amount necessary to secure plaintiffs' position in collection of the judgment. Judgment totaling $111,500.00 has been entered against defendant Brown. The addition of two years interest on that sum results in a total of approximately $118,000 as necessary to secure the judgment in favor of Mr. and Mrs. Thrift.

In the circumstances of this case, the court concludes supersedeas bonds in the full amounts noted are unnecessary to provide adequate security to the prevailing plaintiffs. Under Oklahoma law, the State is required, in certain circumstances, to indemnify an employee for violating another's Constitutional rights while acting within the scope of his or her employment. *See* 51 Okla. Stat. §§ 154(A)(2), 162(A)(2). The State's liability is limited to $175,000. 51 Okla. Stat. §152(A)(2). The determination as to whether a basis for indemnification exists in a case such as this is made by the appropriate state district court, rather than by this court. *See* 51 Okla. Stat. § 162(B)(1). However, this court's assessment of the facts of this case, coupled with the unequivocal statement by the Oklahoma Health Care Authority that it believes indemnity to be appropriate,[1] leads it to conclude there is little question but that indemnification would be authorized and ordered by the state court. Therefore, the supersedeas bond required to be posted by Fogarty should be reduced by the amount of $175,000. As to Brown, the judgment against her is, except as to punitive

---

[1] *See Oklahoma Health Care Authority's April 25, 2005, response to defendants' motion to stay execution of judgment and determine amount of supersedeas bond.*

damages,[2] within the limits of the statutory obligation to indemnify.

Accordingly, the court's prior order staying execution shall, as to Fogarty, expire on **November 1, 2005**, unless Fogarty and/or the State of Oklahoma shall post a supersedeas bond in the amount of $755,000 prior to that date. Upon the posting of such a bond and its approval by the court, all proceedings to enforce the judgment shall be stayed pending disposition of appellate proceedings. The stay of enforcement proceedings as to defendant Brown shall remain in full force and effect pending disposition of appellate proceedings.

**IT IS SO ORDERED**.

Dated this 4th day of October, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2] *The judgment against Brown includes a $500 award of punitive damages in favor of both Mr. and Mrs. Thrift. The State's obligation to indemnify does not extend to punitive damages. 51 Okla. Stat. §154(C). However, as the amount of punitive damages awarded is relatively small, the court concludes no separate bond is necessary as to that portion of the judgment.*

3